In Re: Coon Creek Bridge No. 1 in Little Britain Township, Lancaster County, Pennsylvania. Warren K. Samples and Mitzi M. Samples, Appellants.

Argued June 4, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*C. Richard Morton,* for appellants.

*John B. Rengier,* for appellee.

OPINION BY JUDGE MENCER, August 13, 1975:

This is an appeal by Warren K. Samples and Mitzi M. Samples (hereinafter referred to as appellants), from an order of the Court of Common Pleas of Lancaster County approving a petition and accompanying plans submitted by the Commissioners of Lancaster County (Commissioners) for the laying out and opening of Coon Creek Bridge No. 1 and its approaches in Little Britain Township.

On February 15, 1974, the Commissioners presented their petition to the lower court, averring that the County of Lancaster owned and maintained a single-span pony truss bridge over Coon Creek which, by reason of age and deterioration, was not suitable for present-day traffic. The Commissioners further averred that the bridge could accommodate only a single lane of traffic and, in the opinion of the Commissioners, should be replaced by a new bridge constructed according to plans attached to the petition. Also attached to the petition were exhibits

showing that the plans had received the approval of the Department of Environmental Resources (DER), the Department of Transportation (PennDOT), and the Lancaster County Planning Commission (Commission).

On the same day, the lower court entered a preliminary decree, fixing a hearing date on the petition and directing that the appropriate notices be given. The appellants, who are the owners of a large tract of land which surrounds the bridge site, then filed exceptions and objections to the proposed plans. A hearing was held on November 1, 1974, after which the lower court signed a decree approving the Commissioners' petition and plans, subject to the approval of the plans by DER, PennDOT, and the Commission. Appellants have now appealed to us. We affirm.

The outcome of this case is governed by Sections 2604 and 2605 of The County Code.[1] These sections read as follows:

"Section 2604. Plans and Surveys for Bridges and Viaducts; Petition to [Common Pleas].—Whenever the commissioners of any county resolve to provide a bridge or viaduct, pursuant to this article, they shall cause to be prepared plans and surveys showing the location of the proposed structure, its approaches and the property or rights of property affected thereby, together with any roads in any city, borough, incorporated town or township proposed to be used in connection therewith. They shall present the same, together with their petition, to the court of [common pleas], praying for an order approving their exercise of the said authority to locate, lay out, open and construct such a bridge. Such petition shall briefly set forth the location and the estimated cost of such bridge, or, if the method of construction has not been

---

1. Act of August 9, 1955, P.L. 323, *as amended*, 16 P.S. §§2604, 2605.

fully determined, the estimated cost thereof for each alternative method of construction proposed.

"Section 2605. Hearing and Decree.— (a) Upon the filing of any such petition, the court shall fix a time for the hearing of the same. Notice of the time, place and purpose of said hearing shall be given by an advertisement published once a week for three successive weeks in at least one newspaper of general circulation in the county and by at least five handbills posted in convenient places along or in the neighborhood of the proposed bridge and its approaches, or otherwise as the court shall direct.

"(b) Upon the hearing thereof, the court may, for proper cause shown, disapprove said petition as submitted, *or approve* or disapprove *it as modified, in such respects as shall not appear to the court to require further advertising;* otherwise, it shall make an order approving the location and the plans and surveys for such bridge and authorizing the county to construct such bridge and to let the necessary contracts therefor under specifications to be prepared by the county engineer or other proper county authority. Thereupon, the said bridge and its approaches shall be deemed to be laid out and opened in accordance with the surveys and plans accompanying said petition." (Emphasis added.)

Our careful review of the record convinces us that the lower court did not abuse its discretion in approving the Commissioners' petition and plans for a new bridge. Section 2605 gives the lower court discretion in this type of case, and we will only reverse its determination for a clear abuse of its discretion. No such abuse appears in the record before us.

Appellants contend that the lower court erred in approving the Commissioners' plans because a completely new set of plans was submitted at the hearing before the lower court which had neither been advertised pursuant

to Section 2605(a) nor approved by the governmental agencies involved, including DER. Although a revised set of plans was substituted for the original set at the hearing, the record reveals that this revision amounted to a mere *modification* of the original plans under Section 2605(b) which did not require further advertising. As for the necessity of prior approval by DER, nothing in the statute requires this.[2] Moreover, the lower court's approval was specifically made subject to the approval of the plans by DER, PennDOT, and the Commission.

Order affirmed.

---

2. Section 2606 of The County Code, 16 P.S. §2606, gives the court the *right* to consult PennDOT and other experts when considering "the designs and specifications" of proposed bridges but does not mandate such consultation.